IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| WILLIAM B. HOFFMAN, | Civ. No. 04-1313-CO |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| JO ANNE B. BARNHART, Commissioner of Social Security | |
| Defendant. | |

Aiken, Judge:

On October 17, 2005, Magistrate Judge Cooney issued his Findings and Recommendation, recommending that the court affirm the Commissioner's decision denying plaintiff's application for disability insurance benefits under Title II of the Social Security Act. The matter is now before me. <u>See</u> 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

-1- ORDER

When either party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must make a de novo determination of that portion of the magistrate judge's report. See 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982). Plaintiff filed timely objections, and I have, therefore, given de novo review of Magistrate Judge Cooney's Findings and Recommendation. I find no error.

Substantial evidence in the record supports the findings by the administrative law judge (ALJ) that plaintiff was not disabled within the meaning of the Act as of September 30, 1998, his date last insured. First, given the reports of Drs. Wong-Ngan, Crossen and Rethinger, along with the evidence of possible malingering, the ALJ did not error in finding plaintiff's mental impairments non-severe. Tr. 254, 370-71, 378-86. Second, I find that plaintiff's physical limitations noted in Dr. Ogisu's report were included in the ALJ's second hypothetical posed to the vocational expert, which provided for sedentary work along with frequent breaks to change posture and other exertional limitations. Tr. 373-376, 602.[1] Finally, given the evidence of record, I find no error in the ALJ's credibility determination or the ALJ's assessment of plaintiff's

---

[1] Although this hypothetical was posed in a prior hearing, the ALJ specifically relied on the vocational expert's responses to this and other hypotheticals. Tr. 463, 614.

residual functional capacity and plaintiff's ability to perform his past relevant work.  Tr. 370, 572-74, 586-87, 590.

Therefore, the ALJ's finding that plaintiff was not disabled is supported by substantial evidence in the record.  Accordingly, Magistrate Judge Cooney's Findings and Recommendation (doc. 22) filed October 17, 2005, is ADOPTED.  The decision of the Commissioner is AFFIRMED, and this case is DISMISSED.

IT IS SO ORDERED.

Dated this __3__ day of January, 2006.


                            /s/ Ann Aiken
                              Ann Aiken
                    United States District Judge